[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13333
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00103-JDW-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO MONDRAGON-CASTANEDA,
a.k.a. Pedro Mondragon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 13, 2019)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Pedro Mondragon-Castaneda, a native and citizen of Mexico, pleaded guilty

to reentering the United States without permission after being removed, in

violation of 8 U.S.C. § 1326(a).  At the sentence hearing the district court calculated an advisory guidelines range of 8 to 14 months in prison.  But in light of Mondragon-Castaneda's five prior convictions for driving under the influence, a prior conviction for possession of cocaine, and a prior conviction for illegally entering the United States, the district court varied upward to sentence him to 24 months in prison.  Mondragon-Castaneda appeals that sentence, contending that it is substantively unreasonable.

We review the substantive reasonableness of a sentence only for an abuse of discretion.  United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009).  We "examine whether the sentence was substantively reasonable in light of the totality of the circumstances," including whether the 18 U.S.C. § 3553(a) factors support the sentence.  United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016) (citing Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)).

"If . . . a district court decides that a sentence outside [the advisory guidelines] range is appropriate, it must . . . ensure that the justification is sufficiently compelling to support the degree of the variance."  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010) (quotation marks omitted).  But we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  Id. (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597).  We will vacate a sentence as substantively unreasonable if, and

2

only if, we have a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

Mondragon-Castaneda's sentence is substantively reasonable. The record shows that Mondragon-Castaneda has earned one conviction for illegally entering the United States, one conviction for possession of cocaine, and at least five convictions for driving under the influence. Based on these and other facts, the district court concluded that "a sentence within the advisory guideline range [was] not sufficient." The district court's stated concerns about deterring Mondragon-Castaneda's illegal conduct, protecting the public from that conduct, and promoting respect for the law were sufficiently compelling to support the degree of the variance. See Tome, 611 F.3d at 1379. We cannot say that, under the totality of the circumstances, the district court's decision to impose a 24-month sentence was an abuse of discretion. See id.

**AFFIRMED.**